IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| La'Terrius Demonte' Ashley,<br><br>Plaintiff,<br><br>v.<br><br>Dennis Bush, Michael Stephan, Daniel Catoe, Gregory Eklund, South Carolina Department of Corrections,<br><br>Defendants. | Case No.: 6:20-cv-02802-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the January 7, 2021 Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 37]. In the Report, the Magistrate Judge recommends the District Court decline to give Plaintiff further leave to amend his complaint and dismiss the action as follows: The claims that must be brought pursuant to 28 U.S.C. § 2254 or that are barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), *without prejudice* and the remaining claims *with prejudice* and without issuance and service of process. *Id.* Plaintiff filed timely objections, ECF Nos. 40, 45, and filed a motion to amend or correct the complaint, ECF No. 43. Defendants did not respond to the objections or the motion to amend. This matter is ripe for ruling.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court is charged with making

1

a *de novo* determination of only those portions of the Report to which specific objections have been made, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. Of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than just a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Heath and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and

conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Plaintiff's objections fail to "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The objections reassert factual contentions from the pleadings and attach documents that purport to substantiate these factual contentions. Importantly, Plaintiff fails to specifically contest the Magistrate Judge's findings that:

1. Restoration of good time and expungement of institutional disciplinary charges are not forms of relief available in this civil rights action;

2. Plaintiff's claim for monetary relief based on Plaintiff's alleged unlawful arrest and charge in the Richland County General Sessions Court is barred by *Heck*;

3. Plaintiff's indictment acts as a bar to Plaintiff's Fourth Amendment claims regarding his assault and battery by mob charge;

4. Plaintiff's conditions of confinement claims fail to allege deprivation of a constitutionally recognized liberty interest;

5. Most of Plaintiff's claims fail to allege personal involvement against the individual defendants and fail to plausibly allege a supervisory liability claim;

6. The South Carolina Department of Corrections is not a "person" subject to suit under 42 U.S.C. § 1983;

7. This Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

[ECF No. 37]. The factual contentions in Plaintiff's objections do not address the Magistrate Judge's findings that his claims are barred as a matter of law. While the objections contain ample argument, they fail to direct this Court to any specific error of fact or law in the Report. *See id*. Accordingly, the objections have the same effect as would a failure to object.

Having found that Plaintiff fails to articulate a specific written objection, the Court reviews the entire Report for clear error. *Staley*, 2007 WL 821181, at *1 (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47). After a thorough review of the Report, the applicable law, and the record of this case in accordance with the applicable standard of law, the Court adopts the Report in its entirety and hereby incorporates the Report by reference.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error, adopts the Report, and incorporates the Report by reference herein. The Court declines to give Plaintiff further leave to amend his complaint. Accordingly, Plaintiff's motion to amend, ECF No. 43, is DENIED. This action is DISMISSED as follows: The claims that must be brought pursuant to 28 U.S.C. § 2254 or that are barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), are DISMISSED *without prejudice* and the remaining claims and DISMISSED *with prejudice* and without issuance and service of process. Because the complaint fails to state a claim for a constitutional violation under 42 U.S.C. § 1983, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

IT IS SO ORDERED.

/s/Sherri A. Lydon
June 25, 2021   Sherri A. Lydon
Florence, South Carolina   United States District Judge